```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | | |
|---|---|---|
| FREDDIE MONROE PICKETT, | § | |
| (TDCJ No. 1445772) | § | |
| VS. | § | CIVIL ACTION NO.4:08-CV-594-Y |
| | § | |
| | § | |
| STATE OF TEXAS, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff and inmate Freddie Monroe Pickett's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Pickett filed a form civil complaint seeking relief under 42 U.S.C. § 1983, accompanied by several handwritten attachment pages and exhibits. Pickett names as defendants the State of Texas; an assistant district attorney, Johnson County, Texas; the director of a Texas Department of Criminal Justice("TDCJ")-Parole division, Review and Release Processing Section; the district clerk of Johnson County, Texas, and an assistant clerk; the sheriff and a captain of Johnson County, Texas; a records custodian for the Johnson County Sheriff's Department; Texas Board of Pardons and Paroles member Rissi Owens; a legal assistant with the office of the State Counsel for Offenders; and a staff attorney for the Texas Department of Criminal Justice. (Compl. Style; § IV(B).) Pickett claims that these defendants conspired together to alter court documents to change his parole discharge date from April 2003 to April 2004. He alleges that he filed an application for writ of habeas corpus in Johnson County,

Texas, and recites that in the processing of the records related thereto, officials altered the dates on his certificate of parole, and provided incorrect dates in an affidavit presented to the state court. (Compl. § V; attachment pages 1-3.)  Pickett alleges that as a result of the alteration of records he was subject to false imprisonment for 21 months and he seeks twenty-five million dollars in compensation. (Compl. § VI; attachment page 4.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1]  Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2]  Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

2

inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Pickett's claims must be dismissed.

All of Pickett's claims must be dismissed as barred by the statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[6] In Texas, the applicable limitations period is two years.[7] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[8]

Accrual of a claim under § 1983 is determined by federal law,[9] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[10]

---

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985).

[7] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2006) (Texas's two-year, personal-injury limitations statute).

[8] *See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620 (citing *Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)).

[9] *See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[10] *See Harris,* 198 F.3d at 157 (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418).

Plaintiff contends that documents stating his parole release date were altered by parole officials during a parole hearing on July 15, 2004. He also complains that dates were altered in a March 29, 2005, affidavit included with a document filed during a state-court proceeding on an application for writ of habeas corpus with a file-stamped date of April 12, 2005. Pickett also complains of the certification of such state-court records by Johnson County clerk's office officials on October 6, 2005. (Compl. § V; attachment page 3; exhibits.) Upon review of the allegations in this complaint, the Court finds no reason to believe that Pickett did not know or have reason to know of the events giving rise to his claims at the time these records were created, filed, or certified. Since Pickett did not file this suit until October 3, 2008, his claims recited in Court are too late: the applicable two-year statute of limitations already had expired prior to the time Pickett filed suit. As all claims are barred by the applicable statute of limitations they must be dismissed[11] under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

---

[11] Pickett has filed four separate motions/requests to amend his complaint; October 31, 2008 (docket no. 5); November 20, 2008 (docket no. 9); December 1, 2008, "Request to Assert to Relief Paragraph" (docket no. 10); and December 1, 2008, "Motion for Leave to File an Amended Complaint" (docket no. 11). But in each instance, Pickett has failed to actually supply a separate amended complaint as required by the local rules, and the Court cannot accept such piecemeal presentation of pleadings. *See generally Mendez through Mendez v. Rutherford,* 655 F.Supp. 115, 117 (N.D.Ill. 1986). Notwithstanding these procedural obstacles, even if the Court alternatively were to consider the motions for leave to amend, the motions filed on October 1 and December 1 must be denied, as they seek only to add additional individuals and untimely claims to the allegations the Court has already determined are limitations barred; and the motion filed November 20, 2008, seeks to assert claims that Pickett has now filed in another lawsuit, *Pickett v. Nunn, et al.* No. 4:08-CV-708-Y. Therefore, the motions for leave to file amended complaint (docket nos. 5,9 and 11) and the request to assert to relief paragraph (docket no. 10) are DENIED.

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[12] Although he has not specifically listed all the constitutional bases for relief, the facts as asserted by Picket appear to fall under the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution. Although long recognized as applying to claims under the Eighth Amendment,[13] the United States Court of Appeals for the Fifth Circuit held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls:  Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[14] More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions*," and noting that "[r]egardless of [Plaintiff's]

---

[12] 42 U.S.C.A. § 1997e(e)(West 2003).

[13] *See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997).

[14] *Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

5

invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered."[15] Applying these holdings to the instant case, no matter the substantive constitutional violations asserted by Pickett, a failure to allege physical injury bars his claims for compensatory damages.[16] Pickett has not stated any physical injury as a result of the alleged actions in this complaint. Thus, Pickett's right to recovery of compensatory damages for mental harm is barred under 42 U.S.C. § 1997e(e), and as he seeks only compensation in his complaint, such claims must be dismissed for this additional reason.

Therefore, all of plaintiff Freddie Monroe Pickett's claims are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED April 2, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[15] *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007)(emphasis in original).

[16] Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins*, 512 F.3d at 198) or for injunctive or declaratory relief (*Harper*, 174 F.3d at 719). Pickett, however, does not seek any other forms of relief.

6